Ex parte Cintrón et al., Petitioners and Appellants, and The People, Contestant and Respondent.

Appeal from the District Court of Ponce in *Habeas Corpus* Proceedings.

No. 695.—Decided July 13, 1914.

Contempt—Jurisdiction of Municipal Judges.—Pursuant to section 61 of the Code of Criminal Procedure, which alone empowers municipal judges to punish for contempt, said judges may punish for the said offense only when committed before them and not when committed beyond their presence.

Construction of Law—Discrepancies Between English and Spanish Text.—When a statute is of American origin, as in the case of the Code of Criminal Procedure, the English text governs in preference to the Spanish in case of discrepancy.

The facts are stated in the opinion.

*Mr. Alfonso Lastra Charriez* for the appellants.

*Mr. Salvador Mestre, fiscal,* for The People.

Mr. Justice Aldrey delivered the opinion of the court.

Genaro Cintrón and Pedro Osoro presented a petition to the District Court of Ponce for a writ of *habeas corpus* to release them from imprisonment on the ground that they were imprisoned unlawfully because the Municipal Court of Ponce had no jurisdiction to punish them for contempt, which is the offense for which they were sentenced to the imprisonment.

After the hearing on the petition the judge of the district court ordered that they serve out the sentences and from this decision the petitioners took the present appeal.

According to the writ under which the petitioners were committed to prison for contempt, when, on the day after the appellants had been sentenced to pay a fine of $5 or to suffer five days' imprisonment for violating the Weights and Measures Act, the deputy marshal of the Municipal Court of Ponce demanded of the appellants in their mercantile establishment that they pay the fine, informing them that if they did not he would commit them to jail, they resisted obstinately

and used language against the deputy marshal and the judge of the municipal court which it is not necessary to repeat here. The court summoned them to show cause why they should not be punished for contempt, and, after they had been heard, rendered judgment sentencing them to five days' imprisonment each.

In his report on the case to this court the *fiscal* recommended that the decision of the district court dismissing the petition for a writ of *habeas corpus* be reversed and that this court order the discharge of the appellants on the ground that municipal courts have no jurisdiction to punish for contempts committed beyond the presence of the judge, and cited in support of his recommendation the holding in the case of *Ex parte Pesquera,* 17 P. R.R., 706. The lower court also relied on the said case in dismissing the petition of the appellants.

In that case contempt was committed in the presence of the court and it was there said that, although according to the Act of March 1, 1902, whose sections 1 and 3 were amended by the Act of March 8, 1906, municipal courts had no jurisdiction to punish for contempt because the said act referred only to the Supreme Court, to district courts and to any other court of record which might be created, nevertheless they are authorized to punish for contempt by sections 56 and 61 of the Code of Criminal Procedure.

The first of the said sections defines the powers of justices of the peace, which, as we held in the said case of Pesquera, are applicable to the judges of municipal courts, and section 61 of the English edition provides that justices of the peace shall have power to punish for contempt committed before them in the exercise of their judicial duties by a fine not exceeding $2.50 or imprisonment in jail not exceeding five days, or both. The Spanish text does not say that the contempt must be committed in the presence of the justice of the peace, but when a law is of American origin, as in the case of the Code of Criminal Procedure, we will follow the

English text in preference to the Spanish in case of a discrepancy between them.

Therefore, if, as we have held, the power of municipal courts to punish for contempt is conferred by said section 61, and if this section only authorizes them to punish for contempt committed in their presence, it is manifest. that they have no jurisdiction to punish for contempts committed beyond their presence, and as the contempt which caused the imprisonment of which the appellants complain was not committed in the presence of the judge, the judgment rendered by the court is illegal for lack of jurisdiction.

The decision appealed from should be reversed, the petitioners discharged and the bail bond canceled.

*Judgment reversed and petitioners discharged.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.